## City of Philadelphia v. Croft et al.

Saul, Ewing, Remick & Saul, for petitioner.
Harold J. Elkman, for respondents.

SMITH, P. J., May 9, 1950.—The Pennsylvania Company for Banking and Trusts, trustee, the holder of a blanket first mortgage upon properties situate 3250-52 Ludlow Street, Philadelphia, as well as for other parcels of real estate, has filed a petition for the redemption of the Ludlow Street properties sold under sheriff's sale, by order of the court "subject only to the right of redemption as provided by law".

The petition for redemption offers to pay the redemption price allowed by statute. The answer of respondents avers that, since the petition does not allege that the trustee had the consent of the majority of the bondholders as required by the mortgage instrument,

it is without legal right to pursue the remedy of redemption.

In article III, sec. 4 of the trust instrument it is provided:

"Or under the conditions described in Section 1, it shall be the duty of trustee or its successors in the trust upon demand in writing of the holders of a majority in amount of the bonds secured hereby and there outstanding and upon adequate security and indemnity against all costs and expenses and liabilities to be incurred by trustee to foreclose the mortgage and forthwith to sue out a writ or writs of scire facias upon this present mortgage and to proceed thereon to judgment and after judgment to sell or cause to be sold the mortgaged premises . . . for the recovery of said bonds . . . in accordance with the statutes of Pennsylvania . . . or to proceed to enforce the rights and aims of the bondholders under this mortgage by such other remedy as trustee shall deem most effective . . . and it is hereby expressly declared that the rights of entry and sale hereinbefore granted are cumulative remedies additional to all other remedies allowed by law or in equity and that the sale shall not be deemed to deprive trustee acting on behalf of the bondholders of any legal or equitable remedy by judicial proceedings according to the true interest and meaning hereof."

It appears to the court that a petition to redeem a parcel of real estate belonging to the trust res comes within the provisions of the last part of this paragraph.

The mere fact that a trustee under the provisions of a trust agreement must act when a majority of the bondholders make a demand upon it to proceed in a manner which is to their interest, does not mean that such provision is restricted or that the trustee must remain inactive in a matter where it is reasonably

apparent to the trustee that it is necessary and expedient for it to take action to protect the trust res.

The trustee here has taken the necessary legal steps to redeem a part of the trust res sold at a sheriff's sale. A trustee under like circumstances would be negligent in its duties to the bondholders if it had failed to perform this service, since it is under a duty to the beneficiary to exercise such skill and care as a man of ordinary prudence would exercise in dealing with his own property: A. L. I. Restatement of the Law of Trusts §§174, 175, 176.

It seems clear to us that whatever powers are essential to enable a trustee to discharge its duties are impliedly entrusted to it: Wilhelm v. Folmer, 6 Pa. 296, 300.

A third party having no interest in the trust res possesses no legal right to protest such action on the part of the trustee.

It further appearing by agreement of counsel at the bar of the court that the following items are payable by the redemptor to respondents, Charles W. Rothfeld and Marion Rothfeld, his wife, the purchasers at the sheriff's sale, the court allows the following items:

| | |
|---|---|
| Amount of sale, | $7,800.00 |
| Recording sheriff's deed, | 7.87 |
| Fire insurance, | 52.65 |
| Public liability insurance, | 25.00 |
| Real estate taxes, | 191.45 |

Respondents claim in addition thereof title insurance premium, attorney's fee, interest on mortgage and Federal income tax. The claim for title insurance is in the sum of $84. We do not believe this is the charge upon which a redemptor would be required to pay. In the case of Philadelphia v. Rutherford, 163 Pa. Superior Ct. 476, the opinion of Gordon, J., of the Court of Common Pleas No. 2, was adopted. In this opinion it was said:

"1. An item of $40.00, representing the costs to the purchaser of title insurance on the property. This is in no sense a necessary expense. A purchaser at a sheriff's sale buys the title of the debtor, whatever it may be. If he wishes to assure himself that he has bought a good title, he may, but is not required to, do so. Such an expenditure is one which he is not required to make, and hence cannot demand as a necessary expense. By such insurance he merely satisfies himself that he bought something worthwhile; but the debtor was under no obligation, contractual or otherwise, to give him that assurance."

The other item claimed by respondents is their attorney's fee in the amount of $300. The conditions under which a property sold at sheriff's sale may be redeemed are specifically set forth in section 32 of the Municipal Lien Act of May 16, 1923, P. L. 207, 53 PS §2052. This section states that any party whose lien or estate has been discharged may redeem the same at any time within one year from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the following items: (1) The amount bid at such sale; (2) the cost of drawing, acknowledging and recording the sheriff's deed; (3) the amount of all taxes and municipal claims if actually paid; (4) encumbrances not discharged by the sale and actually paid; (5) insurance upon the property; (6) other charges and necessary expenses of the property actually paid.

It is the contention of petitioner that the sum of $300, claimed as attorney's fee, is not properly payable under the provisions of the act of assembly.

The pleadings show that, at the time the property was purchased at the sheriff's sale, the rent for the property was in the sum of $35 per month and that, as a result of the work and effort of the attorney for respondents, a new lease was entered into with tenants and the rent was increased to $100 per month. It hardly

seems fair or equitable that petitioners should benefit in a material way by the actions and services performed by this attorney and, under these conditions, it may well be that a reasonable attorney's fee might be paid under the provision "other charges and necessary expenses of the property actually paid". For this reason the court will allow the attorney's fee of $300.

Respondents furthermore claim the sum of $120 for Federal income tax. We do not believe that this amount can be properly paid in this proceeding. The Municipal Lien Act does not include such item. It only includes the amount of all taxes and municipal claims, whether or not entered as liens, if actually paid. The word "taxes" used in this act means any county, city, borough, incorporated town, township, school, bridge, road, or poor taxes: Act of May 16, 1923, P. L. 207, sec. 1, as amended by the Act of April 17, 1945, P. L. 248, sec. 1, 53 PS §2021. Since the payment of income taxes fluctuates with the size of the estate of the one paying such taxes, it is difficult to see how it can be properly determined whether this is a proper item or not. For that reason the claim for income taxes is disallowed.

The claim for fire insurance in the sum of $142.25 has since been reduced by agreement to the sum of $52.65, which has heretofore been allowed.

Respondents also claim credit for the increased rent. Credit is given in the statement for rent received in the amount of $1,057.16 payable in advance through April 14, 1950, which the court believes is a fair and equitable claim.

### Order

And now, May 9, 1950, upon consideration of the petition for redemption and the answer thereto, it appearing that Pennsylvania Company for Banking and Trusts, trustee, is the holder of a first mortgage upon

premises 3250-52 Ludlow Street, Philadelphia, which was discharged by sheriff's sale held on April 4, 1949, in this proceeding, and that the petition for redemption was filed within the time provided by law, and that the objection made by respondents to the filing of the petition being disallowed, the following items are payable by the redemptor to respondents, Charles W. Rothfeld and Marion Rothfeld, the purchasers of the premises at sheriff's sale, to wit:

| | |
|---|---|
| Amount of sale | $7,800.00 |
| Recording sheriff's deed | 7.87 |
| Fire insurance | 52.65 |
| Public liability insurance | 25.00 |
| Real estate taxes | 191.45 |
| Attorney's fee | 300.00 |
| | $8,376.97 |
| Plus 10% thereof | 837.70 |
| | $9,214.67 |
| Less: rent received | 1,057.16 |
| | $8,157.51 |